SAMSUNG ELECTRONICS CO., LTD., ET AL., PLAINTIFFS *v.*
UNITED STATES, DEFENDANT

Consolidated Court No. 91–04–00327

(Dated December 12, 1994)

*Frederick L. Ikenson, P.C. (Frederick L. Ikenson, Larry Hampel* and *Joseph A. Perna, V)* for plaintiff Zenith Electronics Corporation.

*Collier, Shannon, Rill & Scott (Paul D. Cullen, Jeffrey S. Beckington, Mary T. Staley, David C. Smith, Jr.* and *Gail S. Usher)* for plaintiff-intervenors Independent Radionic Workers of America, the International Brotherhood of Electrical Workers, the International Union of Electronic, Electrical, Technical, Salaried and Machine Workers (AFL-CIO) and the Industrial Union Department (AFL-CIO).

*Reid & Priest (David A. Gantz* and *Jennifer Karas)* for plaintiff Quantronics Mfg. Korea, Ltd.

*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Velta A. Melnbrencis), Priya Alagiri,* Attorney Advisor, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Akin, Gump, Strauss, Hauer & Feld, L.L.P. (Sukhan Kim, Warren E. Connelly, P.C. and Margaret L.H. Png) for defendant-intervenors Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## OPINION

RESTANI, *Judge:* Quantronics Mfg. Korea, Ltd. ("Quantronics"), a plaintiff herein, moves for relief from default judgment under USCIT Rule 60(b)(1), on the grounds of mistake, inadvertence, surprise, or excusable neglect. The motion is unopposed. Specifically, Quantronics seeks expungement of footnote 6 at p. 11 of *Samsung Elecs. Co. v. United States*, Slip Op. 94–149 (Sept. 21, 1994) *("Samsung I"),* which stated that Quantronics was in default, based on counsel's failure to appear at oral argument. The footnote is not in error and will not be expunged, but Quantronics will be relieved of the default.[1] Quantronics' motion for judgment on the agency record was also denied on the merits. *See Samsung I,* Slip Op. 94–149, at 9–11. That aspect of the denial of Quantronics' motion for judgment on the agency record stands.

As final judgment has not been entered, the court will consider Quantronics' motion as one for reconsideration of an order. The problem encountered herein arises from counsel's misinterpretation of USCIT Rule 56.2(e) and the court's order setting oral argument in this case. Parties to the action moved for oral argument of various Rule 56.2 motions for judgment on the agency record, not including that made by Quantronics. The court did not rule on the merits of the motions for oral argument. Rather, it ordered argument on the action as a whole, together with other actions involving color television receivers. *See Samsung Elecs. Co. v. United States,* Consol. Court No. 91–04–00327 (Ct. Int'l Trade July 28, 1994) (order setting date and time of oral argument). As the court set argument for the case as a whole, parties desiring to submit their particular motions on briefs were required to seek permission from the court not to appear at oral argument.

It was not necessary for the court, in its order setting oral argument, to list each pending motion in order to compel counsel's attendance at oral argument. Nonetheless, as the court's authority to call for oral argument *sua sponte,* pursuant to Rule 56.2(e), has not been explained previously in court decisions, and because counsel was confused in concluding that the court's order merely granted parties' specific requests for oral argument, Quantronics will be relieved of the default aspect of the denial of its Rule 56.2 motion.

---

[1] The court also notes that reference to 19 C.F.R. § 353.60(a) (1991) in *Samsung I,* Slip Op. 94–149, at 11, is in error and is hereby deleted.